# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **EDWARD G. NEWMAN JR.**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**STONE & SAUNDERS LTD.**, a Colorado limited liability company<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Edward G. Newman Jr. ("Plaintiff Newman" or "Newman") brings this Class Action Complaint and Demand for Jury Trial against Defendant Stone & Saunders Ltd. ("Defendant Stone & Saunders") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Newman, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Newman is a resident of Willow Park, Texas.

2. Defendant Stone & Saunders is a Colorado limited liability company headquartered in Castle Rock, Colorado. Defendant Stone & Saunders LTD conducts business throughout this District, Colorado, and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because Defendant Stone & Saunders has its headquarters located in this state.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Stone & Saunders has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in June 2023 alone, at a rate of 161.9 million per day. www.robocallindex.com (last visited July 23, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Stone & Saunders operates as a risk management and asset recovery firm.[3]

15. The Defendant provides debt collection services to companies throughout the U.S., including in Texas where Plaintiff resides.

16. The Defendant place telemarketing calls to businesses and consumers to solicit debt collection services.

17. The Defendant place unsolicited pre-recorded telemarketing calls, often times to cellular phone numbers, as per Plaintiff's experience.

18. Numerous websites have captured pre-recorded voicemails that Stone & Saunders has placed. These voicemails are identical to the voicemail that Plaintiff received:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.stonesaunders.com/



19. Consumers have posted complaints regarding unsolicited pre-recorded calls they received from the Defendant, including:

- "Hi hi this is Rick Vanderstow up with stone in Saunders stone and Saunders is a national commercial debt collection firm do you have past due accounts receivables customers breaking promises or not returning your calls if so I would like the opportunity to earn your business we won't require placement contracts no upfront fees in fact we don't get paid unless you do please call for more information 844-707-1925 option two that's 844-707-1925 option number two…"[6] (This voicemail is identical to the voicemail that Plaintiff received.)
- "Caller left voicemail from Stone and Saunders soliciting work to collect debts from my deadbeat customers. I'm retired for ten years and the only deadbeat who still owes me money is the IRS who is holding up my tax refund from 2020."[7]

---

[4] https://www.nomorobo.com/lookup/614-697-0667
[5] https://directory.youmail.com/phone/614-697-0667
[6] https://800notes.com/Phone.aspx/1-614-697-0667
[7] Id.

5

- "As others have said, scamming company looking to scam other companies by collecting their debts for them. No way to access a real person during the recorded message. I called back using the 614 number (they tell you to call 844-707-1925 & press option 2) and told them to remove the number. They probably won't but at least they didn't hide behind a fake number."[8]

- "Robocall. Displayed as '614-697-0667 STONE SAUNDERS' on phone LCD display. The message kept repeating 'This is Rick' everytime I said 'Hello' and our company's name. Unsolicited call."[9]

- "Getting repeated calls all day long on three different lines. This is a disruption to my business. After finally listening to the entire pre-recorded message, it turns out there isn't a way to tell them to stop calling unless I call them."[10]

- "spam calls all day long. total joke, doesn't even give you a chance to opt out."[11]

- "They make illegal robo calls- Filed a complaint with the FTC as we're on the national DNC."[12]

- "Repeated unwanted calls even after I asked respectfully to be removed from their list. Reporting to the FCC and FTC."[13]

- "Rick Vanderstelt and this law firm is fraudulent and should be sanctioned for illegal practices. SCAMMERS!!!"[14]

20.     In response to these calls, Plaintiff Newman brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

---

[8] Id.
[9] Id.
[10] https://www.bbb.org/us/oh/columbus/profile/collections-agencies/stone-saunders-llc-0302-70097851/customer-reviews
[11] Id.
[12] https://www.google.com/search?q=%22stone+%26+saunders
[13] Id.
[14] Id.

6

## PLAINTIFF NEWMAN'S ALLEGATIONS

21. Plaintiff Newman is the subscriber and the sole user of the cell phone number ending with 7363.

22. On June 21, 2023 at 1:38 PM, Plaintiff Newman received an unsolicited call from the Defendant to his cell phone. This call was not answered but a pre-recorded voicemail was left stating:

> "Hi, this is Rick Vanderstelt with Stone & Saunders. Stone & Saunders is a national commercial debt collection firm. Do you have past due accounts receivables? Customers breaking promises or not returning your calls? If so, I would like the opportunity to earn your business. We won't require placement contracts, no up-front fees. In fact, we don't get paid unless you do. Please call for more information 844-707-1925 option 2. That's 844-707-1925 option number 2."

23. Plaintiff Newman believes this voicemail was pre-recorded because it exactly matches other voicemails that were captured and posted online by other consumers. In addition, it sounded scripted, repeats the word "hi" at the beginning of the message and ends with a few seconds of dead silence before it disconnects.

24. When 614-697-0667 is called, it leads to the voicemail of Charles Grant with Stone Saunders.[15]

25. The pre-recorded voicemail asks the recipient to call 844-707-1925. This is the main phone number listed on the website stonesaunders.com:

---

[15] Based in an investigation conducted by Plaintiff's attorneys.

7



26.     Plaintiff Newman has never provided his cell phone number to Defendant Stone & Saunders in any context. The pre-recorded voicemail that he received was unsolicited.

27.     The unauthorized solicitation telephone call that Plaintiff received from or on behalf of the Defendant has harmed Plaintiff Newman in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

28.     Seeking redress for these injuries, Plaintiff Newman, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

29.     Plaintiff Newman brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

---

[16] https://www.stonesaunders.com/debt-asset-recovery

30. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Newman anticipates the need to amend the Class definition following appropriate discovery.

31. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant' conduct.

33. **Adequate Representation**: Plaintiff Newman will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Newman has no interests antagonistic to those of the Class, and the Defendant have no defenses unique to Plaintiff. Plaintiff Newman and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Newman nor his counsel have any interest adverse to the Class.

34. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant' business practices apply to and affect the members of the Class uniformly, and Plaintiff's

10

challenge of those practices hinges on Defendant' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Newman. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Newman and the Pre-recorded No Consent Class)

35. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

36. The Defendant transmitted unwanted telephone calls to Plaintiff Newman and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

37. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

38. The Defendant have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant' conduct, Plaintiff and the other members of the Pre-

11

recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Newman requests a jury trial.

**EDWARD G. NEWMAN JR**, individually and on behalf of all others similarly situated,

DATED this 18th day of August, 2023.

By: /s/ Avi Kaufman
Avi R. Kaufman
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*

13